IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

TWANETTA R. ROLLINS,

    *Plaintiff*,

v.                                          Case No.: 4:24cv413-MW/MAF

PREMIER MOTORCAR GALLERY
INC., and OMARSHARIF A. GEORGE,

    *Defendants*.

_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION

This Court has considered, without hearing, the Magistrate Judge's Report and Recommendation, ECF No. 24, and has also reviewed *de novo* Plaintiff's objections, ECF No. 26, response to the Magistrate Judge's show cause order, ECF No. 25, and motion for leave to file amended complaint, ECF No. 27. This Court agrees with the Magistrate Judge's recommendation to dismiss Plaintiff's federal claims and to decline to exercise supplemental jurisdiction over the remaining state-law claims. Indeed, the Eleventh Circuit encourages district courts to dismiss remaining state-law claims when all federal claims have been dismissed prior to trial. Plaintiff's request to the contrary is not persuasive.

In addition, although Plaintiff asserts she has "voluntarily withdrawn" her federal TILA claim in her objections, *see* ECF No. 26 at 2, she then moves for leave to amend because she alleges her TILA claim is subject to equitable tolling. *See* ECF

No. 27. Setting aside Plaintiff's shifting positions, her equitable tolling argument does not avoid the statute-of-limitations issue for her TILA claim.

Based on the face of the proposed second amended complaint, even assuming Plaintiff has alleged fraudulent concealment to trigger equitable tolling, her TILA claim is still time-barred. Plaintiff alleges she did not discover the alleged violations until the "middle [of] 2023." ECF No. 27-1 at 2. If equitable tolling applied, this would toll the running of the one-year statute of limitations to one year after Plaintiff discovered the alleged violations—namely, one year after the "middle of 2023." But Plaintiff did not file her original complaint until October 9, 2024, months after "the middle" of 2024. *See* ECF No. 1. In short, equitable tolling does not extend the time for Plaintiff to file her TILA claim indefinitely—here, amendment would be futile because Plaintiff filed her complaint well after one year after Plaintiff alleges she discovered the alleged violations.

Finally, this Court notes that, notwithstanding Plaintiff's apologies and assertion that she "will avoid reliance on AI for legal authorities unless independently verified," ECF No. 25 at 2, her proposed second amended complaint, ECF No. 27-1, again includes a nonexistent case. Plaintiff cites *P.G. v. State Farm*, 909 So. 2d 528, 532 (Fla. 1st DCA 2005) to support her allegation that certain acts constitute deceptive practices under Florida law. This reporter citation, however, is for a different case—*Chaires v. State*, 909 So. 2d 528 (Fla. 1st DCA 2005)—which

2

addresses a direct appeal in a criminal case. This Court will not impose any sanction for Plaintiff's continued citation to nonexistent cases, but this Court cautions Plaintiff that her reliance on AI technology to do her legal research absent attention to detail is a risky path forward all the same. She is on notice that continued citation to nonexistent law may result in dismissal of any future cases presented to this Court.

Accordingly,

**IT IS ORDERED**:

The report and recommendation, ECF No. 24, is **accepted and adopted**, over the Plaintiff's objections, as this Court's opinion. Defendants' amended motion to dismiss, ECF No. 19, is **GRANTED**. The Clerk shall enter judgment stating, "Plaintiff's TILA claim is **DISMISSED with prejudice as time barred**. Plaintiff's FTC Act claim and federal breach of contract claims are **DISMISSED**. This Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims, which are **DISMISSED without prejudice**. Plaintiff is free to file her state law claims in state court." Plaintiff's motion for leave to amend, ECF No. 27, is **DENIED**. The Clerk shall close the file.

**SO ORDERED on July 30, 2025.**

s/Mark E. Walker                     
**United States District Judge**
